John W. Harris, Esq. (SBN 66130)
Herbert Hayden, Esq. (SBN 248282)
**HARRIS & HAYDEN**
865 South Figueroa Street, Suite 2750
Los Angeles, CA 90017
Tel: (213) 489-9833
Fax: (213) 489-3761
E-mail: john@harrishayden.com
            herbert@harrishayden.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CINDY WOODS, individually and as personal representative on behalf of the ESTATE OF MONIQUE YVONNE WOODS, decedent,<br><br>Plaintiffs<br><br>v.<br><br>AIRBNB INC., a Delaware corporation; AIRBNB PAYMENTS, INC., a Delaware corporation; VESNA SALAMUNOVIC, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 3:24-cv-02734-AGT<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1.** Wrongful Death;<br><br>**2.** Negligence;<br><br>**3.** Survival Action; and<br><br>**4.** Premises Liability<br><br>**5.** Breach of Contract<br><br>**6.** Violation of Business & Professions Code section 17500<br><br>**7.** Negligent Design/Maintenance<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW** CINDY WOODS, individually and as personal representative on behalf of the ESTATE OF MONIQUE YVONNE WOODS, decedent

**FIRST AMENDED COMPLAINT FOR DAMAGES**

(collectively, "Plaintiffs"), who hereby respectfully allege, aver, and complain as follows:

## I.

## INTRODUCTION

1.     Plaintiff Cindy Woods is the mother of Monique Woods, decedent who lost her life in an AIRBNB rental on May 14, 2022 while on a holiday vacation. Monique booked a stay at Lopašićeva Street No. 5 in Zagreb, Croatia from May 8, 2022, until May 15, 2022, Confirmation No. HMXQY3RYWQ.   Tragically, Monique died from carbon monoxide poisoning and asphyxiation on May 14, 2022, while showering at the subject AIRBNB property.

2.     Her lifeless body was discovered in the bathtub by a friend of Defendant Vesna Salamunovic (hereinafter "Defendant Salamunvic") who performed a wellness check after Monique had failed to check out of the rental as planned.  According to the coroner's report, Monique had perished at least seventy-two hours before her body was discovered.

## II.

## **JURISDICTION AND VENUE**

3.   Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs, including decedent, are/were resident(s) of Washington, which will result in Plaintiff belonging to a different state than that of Defendants.  Defendant AIRBNB, INC., and AIRBNB PAYMENTS, INC. are headquartered in San Francisco, California, and Defendant VESNA SALAMUNOVIC is a resident of Croatia.  Plaintiff also seeks over $15,000,000.00 in damages for each claims, which exceeds the threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction is present, and this Court has jurisdiction.

4.   Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C.  1391(b) and 18 U.S.C. § 1441(a) because Defendants AIRBNB do business within San Francisco, California.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

5.   Furthermore, this Court has a local interest in deciding this action because it concerns a resident corporation ("AIRBNB") who is alleged to have caused injury in Croatia to Decedent Monique Yvonne Woods. *Stangvik v. Shiley, Inc.*, 54 Cal.3d 744 (1991).

## III.

## PARTIES

6.   At all relevant times herein, decedent Monique Yvonne Woods (hereinafter "Monique Y. Woods", "Monique" or "Decedent") was an individual residing in the City of Everett, Snohomish County, State of Washington at the time of her death Decedent Monique Yvonne Woods was the daughter of Cindy Woods.

7.   At all relevant times herein, Plaintiff Cindy Woods ("Cindy") was an individual and personal representative of the Estate of Monique Yvonne Woods residing in the City of Everett, Snohomish County, State of Washington.  Cindy was the mother of decedent Monique Y. Woods.

8.   Plaintiff, CINDY WOODS brings this action as the successors-in-interest of Monique Yvonne Woods, decedent, pursuant to Code of Civil Procedure section 377.30, and as a wrongful death action pursuant to Code of Civil Procedure section 377.60.

9.   At all relevant times, Plaintiffs are informed and believe, and based upon such information and belief, they allege that Defendant AIRBNB, INC. ("AIRBNB") is a Delaware corporation having principal place of business at 888 Brannan Street No. 4, San Francisco, CA 94103.

10.   Defendant AIRBNB PAYMENTS, INC., a Delaware Corporation, doing business in the State of California, is having principal place of business at 888 Brannan Street No. 4, San Francisco, CA 94103.

11.   Defendants, AIRBNB, INC. and AIRBNB PAYMENTS, INC. are collectively referred to as AIRBNB.

12.     Defendant, VESNA SALAMUNOVIC, is the owner of the Property located at Zagreb, Ulica Radoslava Lopasica br.05, Croatia, (hereinafter the "SALAMUNOVIC").

13.     Defendants, SALAMUNOVIC and AIRBNB are collectively referred to as Defendants.

14.     Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 20, inclusive (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing business at all times herein mentioned and material hereto in the State of California, and are/were the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative, manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

15.     The true names and capacities, whether individual, corporate or associate, or otherwise, designated herein as DOES, are unknown to Plaintiffs at this time, who, therefore, sue said DOES by such fictitious names and will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained.

16.     Plaintiffs are informed and believe and based thereon, allege that at all times material hereto, Defendants AIRBNB, SALAMUNOVIC, and DOES 1 through 20 (hereinafter collectively referred to as "Defendants") and each of them, were duly authorized agents, or servants, or representatives, or co-conspirators of the other, or the alter ego, or the principal, or the owner, or representatives, and were acting at all times within the course and scope of their agency or representative capacity with the knowledge and consent of the other.

17.     All of the acts and conduct herein and below described of each and every corporate Defendant was duly authorized, ordered by management-level employees of said corporate employers. In addition, thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conducts of said corporate employees, agents and representatives, the Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

## IV.

## FACTS COMMON TO ALL CAUSES OF ACTION

18.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 17, inclusive, as set forth above of this Complaint with the same force and effect as if fully set forth herein.

19.     On March 29, 2021, Decedent Monique Y. Woods booked a stay at Lopašićeva Street No. 5 in Zagreb, Croatia from May 8, 2022, until May 15, 2022, Confirmation No. HMXQY3RYWQ.

20.     Decedent was an American expatriate vacationing in Croatia.  Monique Woods was stunningly beautiful, driven, incredibly bright and dearly loved by her friends and family.

21.      The decedent arrived in Zagreb on May 8, 2022, at approximately 12:00 noon and arranged to meet SALAMUNOVIC's friend Anita to check in early into the AIRBNB rental.

22.     From the outset of her stay in Zabreb, Monique Y. Woodscalled her friends and family regarding her whereabouts in Zabgreb, sightseeing, and enjoying the local cafes and restaurants. She also informed her family that after her first night's stay in Lopašićeva Street No. 5 that she was not feeling well; she thought she

had allergies or was coming down with something.  On or about May 13, 2022, Monique believing that she simply had a "bug" told her mother, Cindy Woods and sister, Paulette Woods, that she would simply go back to her room at Lopašićeva Street No. 5 and lay down to recuperate. Unfortunately, that was the last time they spoke to Monique as she died on May 14, 2022.

23.    Upon information and belief, the AIRBNB rental contained a gas boiler connected to a chimney, the flue pipe of which was not connected according to professional standards to allow carbon monoxide to escape.

24.    Upon information and belief, Monique regularly used the bathroom facilities and heater in the rental unit throughout her stay without incident until the day of her death on May 14, 2022.

25.    Monique was set to check out of the rental on May 15, 2022, but she never did. Upon information and belief, SALAMUNOVIC and the Woods' family repeatedly attempted to contact Monique to no avail.

26.    On or about May 16, 2022, Monique's body was discovered by SALAMUNOVIC's friend, Anita Dadic.  Upon information and belief, Dadic entered the AIRBNB rental and saw Monique's belongings in the living room and discovered Monique's naked body in the bathtub with the water running.

27.    Although, her body was discovered on May 16th, the coroner later determined that Monique had actually passed away on May 14th, due to the postmortem rigidity of the body.

28.    Upon information and belief, Plaintiff alleges that it was later determined by the coroner that Monique unknowingly died of carbon monoxide poisoning which gases had emanated from a gas boiler that was improperly installed into a chimney in the rental.  The chimney and its flue pipe were negligently, carelessly and recklessly housed in her bathroom by her AIRBNB Host. Moreover, upon information and belief SALAMUNOVIC, had failed to have the chimney and flue pipe annually inspected as required by local law in Zagreb, Croatia. The death

certificate of Monique is attached herewith as Exhibit "A".  Monique was 48 years of age at her death.

29.     Defendants, SALAMUNOVIC and AIRBNB offer to lease or rent, solicits listings of places for rent, solicits for prospective tenants, negotiates the lease of a real estate property, and collects rents from real property. For all purposes, AIRBNB acts as a real estate broker.  Itis more than just an internet platform where lessor and lessee meet.

30.     In particular, AIRBNB suggests, recommends, and advises its less or on how to effectively lease or rent his/her place by describing various characteristics of the real estate property including but not limited to the number of bedrooms available, the number of bathrooms available, the size of the real estate property available, any features of the real estate property, any amenities onsite, any local attractions or things to do in the area , and how to get around town.

31.     AIRBNB also offers professional photography services to its lessors for the sole purpose of advertising their real estate property on AIRBNB's website to promote the lease or rental of the property.

32.     AIRBNB also suggests, recommends, and advises its less or on leasing or rental price based on their real estate property's geographic location, size, the leasing price of a similar real estate property in the community, and other factors.

33.     If a lessor does not have enough rental bookings, AIRBNB also suggests, recommends, and advises the lessor on how to drive more traffic to his or her web page to promote more rental bookings.

34.     Once a potential lessee requests a booking, AIRBNB collects an advance payment or rent from the real property on behalf of its lessor at the time of the booking for the entire duration of the lease, and distributes the payment or rent to its less or within 2 hours after the lessee's arrival.

35.     Despite engaging in these enumerated activities, AIRBNB does not hold a broker's license in violation of Section 10130 of California Business and Professions Code.

36.     Unlike other pure platform websites such as Craiglist, AIRBNB create a false sense of security to its lessors and lessees.

37.     AIRBNB held and continues to hold itself out to the public as "a trusted community marketplace for people to list, discover, and book unique accommodations around the world."

38.     AIRBNB ranks its lessors and issues "Superhost Badge." This creates an appearance that these lessors endorsed by AIRBNB are safer and more reliable options.

39.     AIRBNB also issues a green check mark right next to the word "Verified" to certain lessors. This also creates an appearance that these lessors are verified by AIRBNB to be safer and more reliable options.

40.     AIRBNB takes out "Host Protection Insurance" that acts "as primary insurance and provides liability coverage to hosts" or lessors.

41.     AIRBNB also provides "AIRBNB Host Guarantee" which protects lessors against damages to their own possessions or unit of property damage by their lessees in listings.

42.     AIRBNB also provides free photography service to its lessors to make the listing look professionally managed and maintained.

43.     AIRBNB uses words including but not limited to "trust," "safety," "home," "trusted community" repeatedly on its website to create a false sense of security.

44.     The purpose of these features on the website was to induce any person who reads it to feel safe to lease real estate property from AIRBNB.

45.     Indeed, AIRBNB prominently features and markets international rentals, such as the one Decedent rented in Croatia, to citizens in the United States

**FIRST AMENDED COMPLAINT FOR DAMAGES**

of America, who anticipate that the rentals in the international locales will maintain the same level of "trust," "safety," "home," and "trusted community" as they would expect here in the United States.

46.    However, on information and belief, AIRBNB does not demand, request, or verify if its lessors abroad maintain, smoke detectors or carbon monoxide detectors, or otherwise verify any safety compliance with California Health and Safety codes, install warning signs etc., to prevent the inhalation of noxious gases, such as Decedent.

47.    AIRBNB also does not disclose to its lessees that it does not perform any safety equipment checks, if its rentals are in compliance with California Health and Safety codes, or even local codes regarding the use of smoke detectors or carbon monoxide detectors in rental or other units for the public's use.

48.    Yet, AIRBNB glorifies its international listings, such as the Premises in this matter, by making it a prime attraction of the listing.

49.    On March 29, 2022, Monique booked, and therefore, leased the premises for a stay at Lopašićeva Street No. 5 in Zagreb, Croatia from May 8, 2022, until May 15, 2022, Confirmation No. HMXQY3RYWQ.

50.    Defendants' lease agreement for the occupancy of its Premises for the periods May 8 through May 15, 2022 contained express and implied warranty and terms of safety, trust, safe and good condition, verified compliance with laws and regulations, for the Premises.

51.    Defendants explicitly and implicitly assumed a duty of reasonable care to maintain the leased Premises, and portions of the leased Premises under Defendants' control, in a reasonably safe condition.

52.    Based upon information and belief, plaintiff alleges that on or about December 20, 2021, deadly carbon monoxide gasses penetrated and engulfed Decedent's leased Premises, subjecting Decedent to carbon monoxide poisoning and proximately causing her death. Decedent's exposure to carbon monoxide gasses was

the direct and proximate result of Defendants' negligence and failure to use ordinary care to maintain the heating system located at the leased Premises in a reasonably safe condition.

53.     Defendants were aware or, in the exercise of ordinary caution, should have been aware of the defective condition of the heating system and yet failed to warn Decedent of the defect or repair the defect prior to Decedent's occupancy of the Premises.

54.     Based upon information and belief, plaintiff alleges that decedent died as a direct and proximate result of her exposure to carbon monoxide gases.

55.     Defendants, by SALAMUNOVIC and AIRBNB's representations are false and misleading because it does neither inspect nor perform any safety, or regulatory compliance, heating system/water heater working condition checks on its international lessors' properties and does not disclose the lack thereof to its lessees like Decedent.

56.     Furthermore, Premises operators and innkeepers such as Defendants have a special relationship with their guests and tenants that give rise to a duty similar to that owed by a common carrier "to protect them against unreasonable risk of physical harm", and a duty, under common law, to take reasonable action to protect or aid patrons and residents who sustain an injury or suffer an illness while on the business's premises, including "undertaking relatively simple measures such as providing assistance to their customers who become ill or need medical attention."

57.     The Defendants and each of them, and DOES 1 through, 20, inclusive, breached their duty of care by failing and refusing to warn Decedent regarding the risk of carbon monoxide poisoning at the Premises despite their knowledge of the defective condition of the water heater/heating system.

58.     Defendants, and each of them, are negligent because of their failure to Decedent regarding the risk of carbon monoxide poisoning at the Premises despite their knowledge of the defective condition of the water heater/heating system.

59.     All of the named defendants failed to appreciate the critical nature of the injuries that Decedent could and indeed did suffer and contributed to these injuries through the creation and maintenance of a dangerous condition and the subsequent failure to use ordinary care, which they had a duty to provide.

60.     As a direct, legal and proximate cause of the Defendants' negligence, and wanton indifference towards her health and safety, Decedent was suffered carbon monoxide poisoning and asphyxiation, resulting in Decedent's tragic death.

## FIRST CAUSE OF ACTION

## WRONGFUL DEATH

**(Plaintiff Cindy Wood Against All Defendants**
**and DOES 1 through 20, inclusive)**

61.     Plaintiffs incorporate by reference each averment of the preceding paragraphs as if fully set forth herein.

62.     Defendants AIRBNB and SALAMUNOVIC, including DOES 1 through 20, inclusive, were the owners, lessees, operators and managers of the Premises known as Lopašićeva Street No. 5 in Zagreb, Croatia where decedent Monique Yvonne Woods, died as a direct and proximate result of carbon monoxide poisoning and asphyxiation.

63.     On March 29, 2022, Decedent Monique booked a stay at Lopašićeva Street No. 5 in Zagreb, Croatia from May 8, 2022, until May 15, 2022, Confirmation No. HMXQY3RYWQ.

64.     Defendant' lease agreement for the occupancy of its Premises for the periods May 8 through May 1, 52022 contained express and implied warranty and terms of safety, trust, safe and good condition, verified compliance with laws and regulations, for the Premises.

11
**FIRST AMENDED COMPLAINT FOR DAMAGES**

65.     Defendants explicitly and implicitly assumed a duty of reasonable care to maintain the leased Premises, and portions of the leased Premises under Defendants' control, in a reasonably safe condition.

66.     On or about May 14, 2022, deadly carbon monoxide gasses penetrated and engulfed Decedent's leased Premises, subjecting Decedent to carbon monoxide poisoning and proximately causing her death.   Decedent's exposure to carbon monoxide gases was the direct and proximate result of Defendants' failure to use ordinary care to maintain the heating system located at the leased Premises in a reasonably safe condition.

67.     Defendants were aware or, in the exercise of ordinary caution, should have been aware of the defective condition of the heating system and yet failed to warn Decedent of the defect or repair the defect prior to Decedent's occupancy of the Premises.

68. As a proximate and direct result of Defendants', including DOES 1 thorough 20, inclusive, failure to reasonably maintain the gas boiler, connecting flue pipe and chimney at the Premises, Decedent's lifeless body was discovered on May 16, 2022, by Anita Dadic.

69. According to the Restatement (Second) of Torts § 314A, an innkeeper such as the Defendants AIRBNB and SALAMUNOVIC, including DOES 1 thorough 20, inclusive, is under a duty to its guests to take reasonable action to give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others. Similarly, California law is clear that a business has a special relationship with its patrons and owes a duty of care to promptly aid an ill or injured invitee. And it is well established under California law that landowners are in a special relationship with invitees and owe a pre-existing and independent duty to protect invitees from harm while on the landowner's property.  Decedent Monique Yvonne Woods was a guest, resident and invitee of Defendants AIRBNB and SALAMUNOVIC.

FIRST AMENDED COMPLAINT FOR DAMAGES

70. As a direct and proximate result of the negligence and carelessness and unlawful conduct of Defendants, and each of them, and DOES 1 through 20, inclusive, Plaintiff Cindy Woods have sustained damages resulting from the loss of love, affection, society, service, comfort, support, right of support, expectation of future support and counseling, companionship, solace and mental support, as well as other benefits and assistance of Decedent Monique Yvonne Woods, all to their general damages in a sum in excess of the jurisdictional limits of this Court, which will be stated according to proof, pursuant to Section 425.10 of the Calif. Code of Civil Procedure.

71. As a direct and proximate result of the negligence and carelessness of Defendants, and each of them, as aforesaid Plaintiffs Cindy Woods have incurred property, medical, funeral and burial expenses in an amount to be stated according to proof, pursuant to Section 425.10 of the Calif. Code of Civil Procedure.

## SECOND CAUSE OF ACTION
## NEGLIGENCE

**(All Plaintiffs against All Defendants and DOES 1 through 20, inclusive)**

72.    Plaintiffs incorporate by reference paragraphs 1 through 71, as though fully set forth herein.

73.    Decedent Monique Yvonne Woods leased the Premises known as Lopašićeva Street No. 5 in Zagreb, Croatia from the Defendants.

74.    The Defendants had a legal duty of care in the operation of the Premises, a duty they owed to Decedent Monique Yvonne Woods as an invitee to the Premises, which said Defendants owned, operated and managed.

75.    Defendant explicitly and implicitly assumed a duty of reasonable care to maintain the leased Premises, and portions of the leased premises under defendant's control, in a reasonably safe condition.

76.    On May 14, 2022, carbon monoxide gases penetrated and engulfed the Premises, subjecting Decedent to carbon monoxide poisoning and asphyxiation,

proximately causing her death.   Decedent's exposure to carbon monoxide gases was the direct and proximate result of Defendant's failure to use ordinary care to maintain the heating system located at the leased Premises in a reasonably safe condition.

77.     Defendant was aware or, in the exercise of ordinary caution, should have been reasonably aware of the defective condition of the heating system.

78.     That as a proximate result of said negligence of said Defendants AIRBNB and SALAMUNOVIC, and DOES 1 through 20, inclusive, and each of them, Decedent lost her life and Plaintiff Cindy Woods lost the love, comfort, affection, and society of her daughter, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering; that said Plaintiffs are informed and believe, and thereon allege, that said injuries may result in some permanent disabilities to Plaintiff, all to the general damage in an amount to be proved at time of trial.

**THIRD CAUSE OF ACTION**

**SURVIVAL ACTION**

**(Plaintiff Cindy Woods, as personal representative on behalf of the Estate of Monique Yvonne Woods, decedent against All Defendants and DOES 1 through 20, inclusive)**

79.     Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 78, above.

80.     Plaintiff Cindy Woods is entitled to bring a survival action under CCP §§377.30 and 377.32 for punitive or exemplary damages by reason of the death of decedent due to the malice, fraud, and/or oppression of Defendants through their agents and representatives.

///

///

//

## FOURTH CAUSE OF ACTION
## PREMISES LIABILITY

**(Plaintiff Cindy Woods, as personal representative on behalf of the Estate of Monique Yvonne Woods, decedent against All Defendants and DOES 1 through 20, inclusive)**

81.     Plaintiffs incorporate by reference Paragraphs 1 through 81 of this Complaint, as if fully set forth herein.

82.     At all times relevant to this cause of action, the Defendants, and each of them, and their agents owned, leased, occupied, managed or otherwise controlled the Premises.

83.     As landowners and managers of the Premises, Defendants, and each of them, owed a duty of care to exercise due care in the management of the Premises so as to avoid foreseeable injury to others. This duty required them to comply with all building, fire, health and safety codes, ordinances, regulations, and other laws applying to the maintenance and operation of rental housing.

84.     Defendants, and each of them, have breached their duties of care by failing to correct substandard conditions and failing to use ordinary care in managing the Premises.

85.     Defendants, and each of them, knew, or reasonably should have known, or that it was foreseeable that Plaintiffs would be injured as a result of their breach of the duties of due care.

86.     As a direct and proximate result of Defendants' negligent maintenance of the Premises, the Monique Yvonne Woods died on May 14, 2022 of carbon monoxide poisoning and asphyxiation.  Consequently, Plaintiff Cindy Woods has been deprived of the life-long love, companionship, comfort, support, society, and care of her daughter the Decedent Monique, and will continue to be so deprived for the remainder of their natural lives.

87.     As a direct and proximate result of Defendants' conduct, Plaintiff

suffered and/or continue to suffer illness, physical injury, mental stress, emotional distress, shame, anxiety, depression, helplessness, frustration, discomfort, annoyance, fear, in an amount to be determined according to proof, but which amount is within the jurisdictional requirements of this Court. Defendants, and each of them, are liable to compensate Plaintiffs for these injuries.

88.    Defendants' tortious breach of the duty of care has been willful, malicious, and oppressive, amounting to despicable conduct that subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, so as to entitle Plaintiffs to an award of punitive and exemplary damages. Plaintiffs are entitled to punitive and exemplary damages against Defendants, and each of them, in an amount sufficient to punish them and deter them and others from engaging in similar conduct, as determined at trial. Plaintiffs are also entitled to recover their reasonable attorneys' fees incurred in bringing and litigating this matter and costs of the suit herein.

## FIFTH CAUSE OF ACTION
## BREACH OF CONTRACT

**(Plaintiff Cindy Woods, as personal representative on behalf of the Estate of Monique Yvonne Woods, decedent against All Defendants and DOES 1 through 20, inclusive)**

89.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth in this cause of action.

90.    Decedent entered into a lease agreement with Defendants for the lease of their property located at Lopašićeva Street No. 5 in Zagreb, Croatia from May 8, 2022, until May 15, 2022.

91.    Defendants breached their express and implied contract with Decedent to have the property in a safe and trusted condition.

92.    Defendants breached their express and implied contract with Decedent in failing to provide a habitable, safe conditions at the Premises, namely a properly

working water heater that would not cause carbon monoxide poisoning.

93.     As a direct and proximate res ult of the Defendants breach of contract, and each of them, as aforesaid, Plaintiffs have been caused to and did suffer and continues to suffer damages and consequences, including the loss and death of their daughter.

94.     By the aforesaid acts and breach of Defendants, and each of them. Plaintiffs have been directly and legally caused to suffer damages as alleged herein.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17500

**(Plaintiff Cindy Woods, as personal representative on behalf of the Estate of Monique Yvonne Woods, decedent against All Defendants and DOES 1 through 20, inclusive)**

95.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth in this cause of action.

96.     Business  & Professions Code §17500 provides that it is unlawful for any corporation to knowingly make, by means of any advertising device or otherwise , any false , untrue or misleading statement with the intent to sell a product or service, or to induce the public to purchase a product or service. Any statement in advertising that is likely to deceive members of the public constitutes false and misleading advertising under Business & Profess ions Code §17500.

97.     Defendant, AIRBNB, and DOES 1-20, inclusive, make statements that they knew or should reasonably know is false and misleading. This conduct includes, but is not limited to, making such statements that their real estate property is trusted and safe and used words including but not limited to "trust," "safety," "home," "trusted community" repeatedly on its website to create a false sense of security, they are "a trusted community marketplace for people to list, discover, and book unique accommodations around the world," whereas , true facts are that they

**FIRST AMENDED COMPLAINT FOR DAMAGES**

do not have any safety standard to determine if listings such as the one for Premises contain smoke detectors and/or carbon monoxide detectors.

98.   AIRBNB glorifies its listings of homes in international locales, such as the residence in this matter, by making it a prime attraction of the listing, and boasting that the bathroom and other amenities are perfect for a comfortable and pleasant stay.

99.   Plaintiffs have paid the ultimate price, as a result of Defendants' acts of false and misleading statements, losing their daughter, Monique. Defendants know or reasonably should know that this advertising is false and misleading as set forth in detail in the preceding paragraphs.

100.   Defendants and DOES 1 - 20, inclusive, by committing the acts alleged above, have knowingly made false, untrue and/or misleading statements with the intent to sell their services and/or induce members of the public, including Plaintiffs, to lease the apartment, and in doing so, have violated Business & Profess ions Code §17500.

101.   Defendants and DOES 1 - 20, inclusive, by the aforesaid acts, have engaged in false advertising in violation of California Business and Profess ions Code §17500, resulting in injury in fact and loss of money and damages to Plaintiffs in an amount to be proven at trial.

102.   Plaintiffs seek an order, pursuant to Business and Professions Code §17535, enjoining Defendants and DOES 1 - 20, inclusive, for injunctive relief and restitution as specifically authorized for violations of Business & Profess ions Code §17500 et seq. Business & Professions Code §17534 .5 provides that "the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state."

103.   Plaintiffs seek an order, pursuant to § 17536, of the Business and Professions Code, enjoining Cross -Defendants and DOES 1-20, inclusive, be assessed the maximum civil penalty for each and every violation of Business and

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Professions Code § 17500, according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

## NEGLIGENT DESIGN/MAINTENANCE

**(Plaintiff Cindy Woods, as personal representative on behalf of the Estate of Monique Yvonne Woods, decedent against AIRBNB Defendants and DOES 1 through 20, inclusive)**

104.   Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth in this cause of action.

105.   Plaintiffs assert claims for negligence and punitive damages against Defendant, AIRBNB, for its negligent design and/or maintenance of its online application, known as airbnb.com.

106.   The claims in this action are about how the airbnb.com platform, in particular the disclosure of the existence of life safety devices such a carbon monoxide detector, was, during all relevant times referenced herein, a grossly dangerous and deceptive product which has, for years, repeatedly and foreseeably caused fatal carbon monoxide poisoning, while providing no social benefit and which could have been corrected with no meaningful cost.

107.   Despite knowledge of numerous fatal carbon monoxide poisonings of Airbnb guests, AIRBNB refused and stubbornly continued to maintain the deceptive, faulty and dangerous design of the airbnb.com platform concerning the disclosure of the existence of a carbon monoxide detector without regard for the consequences.

108.   AIRBNB owed a duty to use ordinary care in designing, maintaining, and distributing its products and services.

109.   AIRBNB breached that duty because, among other things, it dangerously designed, maintained or otherwise failed to use reasonable care to address the danger of an AIRBNB host property failing to have a carbon monoxide detector. AIRBNB's initial and continued design decisions regarding disclosure of

the existence of carbon monoxide detectors was unreasonable and negligent, and its disclaimers, if any, were also inadequate, unreasonable, and knowingly ineffective.

110.   As a direct and proximate result of AIRBNB's negligence, MONIQUE WOODS was killed and suffered personal injuries prior to his death.

111.   AIRBNB's conduct was intentional, willful, malicious, wanton, reckless and/or grossly negligent.

112.   AIRBNB's conduct renders it liable to the Plaintiffs for all damages allowed by law including punitive damages.

## V.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor on each and every claim set forth above and award them relief including, but not limited to, the following:

1. For general or non-economic damages suffered by the Plaintiffs according to proof at trial;

2. For economic damages suffered by Plaintiffs according to proof at trial;

3. For funeral and burial expenses suffered by Plaintiffs according to proof at trial;

4. For hospital, medical professional and incidental expenses suffered by Plaintiffs according to proof at trial;

5. For loss of income suffered by Plaintiffs, by and through its Successor-in-Interest, according to proof at trial;

6. For interest upon any judgment entered as provided by law;

7. For punitive/exemplary damages;

8. For costs of suit incurred herein; and

9. For such other and further relief as the Court may deem proper.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

DATED:   May 23, 2024

**HARRIS & HAYDEN**

By:  */s/Herbert Hayden*
John W. Harris, Esq.
Herbert Hayden, Esq.
Attorneys for Plaintiffs

## TRIAL BY JURY DEMAND

Plaintiffs hereby demand a trial by jury.

DATED:   May 23, 2024

**HARRIS & HAYDEN**

By:  */s/Herbert Hayden*
John W. Harris, Esq.
Herbert Hayden, Esq.
Attorneys for Plaintiffs

**FIRST AMENDED COMPLAINT FOR DAMAGES**

# EXHIBIT A

**FIRST AMENDED COMPLAINT FOR DAMAGES**



## U.S. Department of State
## REPORT OF DEATH OF A U.S. CITIZEN OR U.S. NON-CITIZEN NATIONAL ABROAD

U.S. Embassy Zagreb                     06-01-2022
Post                                    Date of Issue *(mm-dd-yyyy)*

SSA No.         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

Age     48

Name in full     Monique Yvonne Woods

Date *(mm-dd-yyyy)* and Place of Birth   12-03-1973     Seattle, Washington, United States of America

Evidence of U.S. Citizenship     Regular passport #565630863, issued on September 20, 2017

Address in U.S.A.     13009 E Gibson Rd, Apt Q229, Everett, Washington     United States of America

Permanent or Temporary Address Abroad     29 Regent Court Derby Road Nottingham, United Kingdom

Date of death   | May | 14 | | | 2022
 | Month | Day | Hour | Minute | Year

Place of death   Rental property, Lopasiceva 5          Zagreb          Croatia
Number and street, or Hospital/ hotel          City          Country

Cause of death   Carbon monoxide poisoning as per Dr. Anita Galic Mihic MD, Pathologist with the Institute of Forensic
Including authority for statement - if physician, include full name and official title, if any

Sciences in Zagreb

Disposition of the remains     embalmed and the remains shipped to the U.S.

Local law governing disinterment of remains provides that          it is permitted with a certificate from a sanitary inspector.

Disposition of the effects     to be shipped to Ms. Cyndi Woods by the funeral home Pogrebnik from Zagreb.

Person or official responsible for custody of effects and accounting therefore
Radojka Bojcic of Pogrebnik Funeral Home from Zagreb

Traveling/residing abroad with relatives or friends as follows:
NAME                              ADDRESS

Informed by telegram or telephone                              DATE *(mm-dd-yyyy)*
NAME          ADDRESS                              NOTIFIED
Cindy Woods          3319 Colby Ave #105 Everett, WA USA 98201          5/16/2022

Copy of this report sent to:                              DATE *(mm-dd-yyyy)*
NAME          ADDRESS                              SENT
Cindy Woods          3319 Colby Ave #105 Everett, WA USA 98201          6/1/2022

Notification or copy sent to Federal Agencies:   SSA  X   VA _____   OPM _____   Other  WA Dpt. of Health
State Agency

The original copy of this document and information concerning the effects are being placed in the permanent files of the U.S.
Department of State, Passport Vital Records Section, CA/PPT/S/TO/RS/DO/MR, 1150 Passport Services PL., 6th Floor, Dulles,
VA 20189-1150.

Remarks: Copy of this report sent to the Center for Health Statistics, Division of Disease Control and Health Statistics,
Washington State Department of Health

(Continue on reverse if necessary.)

[SEAL]

Signature on all copies

Amy L. Lorenzen          of the United States of America.
Consul

*Side column (right margin):* Woods (Last name) — Monique (First name) — Yvonne (Middle name) — 05-14-2022 (Date *(mm-dd-yyyy)* of death)

https://travel.state.gov/content/travel/en/records-and-authentications/requesting-a-vital-record-as-a-u-s-citizen