IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY WOODS,<br><br>          Plaintiff,<br><br>    v.<br><br>AIRBNB, INC., et al.,<br><br>          Defendants. | Case No.  24-cv-02734-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART AIRBNB DEFENDANTS' MOTION TO COMPEL ARBITRATION; VACATING HEARING** |

Before the Court is defendants Airbnb, Inc. and Airbnb Payments, Inc.'s (collectively, "Airbnb") "Motion to Compel Arbitration of the Claims and to Stay Claims Pending Arbitration," filed August 12, 2024.  Plaintiff Cindy Woods has not filed a response thereto.[1]  Having read and considered the papers filed in support of the Motion, the Court deems the matter suitable for decision thereon,[2] VACATES the hearing scheduled for September 20, 2024, and rules as follows.

In the operative complaint, the amended complaint filed May 23, 2024 ("AC"), plaintiff alleges that Monique Woods, who was plaintiff's adult daughter, booked an "Airbnb rental" in Croatia, in which, on May 14, 2022, she died as a result of "carbon monoxide poisoning[,] which gases had emanated from a gas boiler that was improperly installed in the rental."  (See AC ¶¶ 1, 28.)  Based thereon, plaintiff asserts seven Causes

---

[1] Under the Local Rules of this District, any opposition or response was due no later than August 26, 2024.  See Civil L.R. 7-3(a)-(b).

[2] Airbnb's Motion, filed August 26, 2024, "for a Seven-Day Extension of Time to File Its Reply Brief" is hereby DENIED as moot, there being no filing to which Airbnb may reply.

United States District Court<br>Northern District of California

of Action against Airbnb, as well as against Vesna Salamunovic, who allegedly owns the property.  The First Cause of Action, titled "Wrongful Death," is brought by plaintiff in her personal capacity, the Second Cause of Action, titled "Negligence," is brought by plaintiff both in her personal capacity and as a survival claim in her capacity as the successor-in-interest to the decedent, and the Third through Seventh Causes of Action, titled, respectively, "Survival Action," "Premises Liability," "Breach of Contract," "Violation of Business & Professions Code § 17500," and "Negligent Design/Maintenance," are brought as survival claims.

By the instant motion, Airbnb contends plaintiff's claims, to the extent asserted against Airbnb, are subject to arbitration under the Federal Arbitration Act ("FAA").

The FAA provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

See 9 U.S.C. § 3.  Under the FAA, a district court's role is to determine "if a valid arbitration agreement exists," and, "if so, whether the agreement encompasses the dispute at issue."  See Davis v. Nordstrom, Inc., 755 F.3d 1089, 1092 (9th Cir. 2014).

Here, Airbnb has offered evidence to establish that the decedent and plaintiff each entered into an arbitration agreement with Airbnb.

The decedent, when creating an Airbnb account in 2015, accepted the "Terms of Service" applicable at that time, and accepted, in 2022, updated "Terms of Service." (See Magalhaes Decl. Exs. A-D.) The updated Terms of Service provide in relevant part: "You and Airbnb mutually agree that any dispute, claim or controversy arising out of or relating to these Terms or the applicability, breach, termination, validity, enforcement or interpretation thereof, or any use of the Airbnb Platform, Host Services, or any Content (collectively, 'Disputes') will be settled by binding individual arbitration. . . . "  (See id. Ex.

1  F ¶ 23.4.)

2      Plaintiff, when creating an Airbnb account in 2013, accepted the "Terms of

3  Service" applicable at that time (see id. Ex. H-J), which provided in relevant part:  "You

4  and Airbnb agree that any dispute, claim or controversy arising out of or relating to these

5  Terms or the breach, termination, enforcement, interpretation or validity thereof, or to the

6  use of the Services or the use of the Site or Application (collectively, 'Disputes') will be

7  settled by binding arbitration . . . ." (see id. Ex. K [Doc. No. 28-12] at 10).[3]

8      Accordingly, there being no dispute that the decedent and plaintiff entered into

9  separate arbitration agreements with Airbnb, the Court next turns to whether those

10  agreements encompass the dispute.

11      With respect to the decedent, although courts are generally tasked with the

12  "gateway" issues of arbitrability, including "whether an arbitration clause . . . applies to a

13  given controversy," the parties may agree to delegate such questions to an arbitrator, see

14  Momot v. Mastro, 652 F.3d 982, 987 (9th Cir. 2011), and the updated Terms of Service to

15  which the decedent agreed unambiguously provide that the arbitrator will decide any

16  dispute as to whether the agreement encompasses the dispute (see Magalhaes Decl. Ex.

17  F ¶ 23.4 (providing, "[i]f there is a dispute about whether this Arbitration Agreement can

18  be enforced or applies to our Dispute, you and Airbnb agree that the arbitrator will decide

19  that issue")).

20      Accordingly, to the extent Airbnb seeks an order compelling arbitration of the

21  survival claims asserted in the AC, i.e., the claims brought by plaintiff in her capacity as

22  the successor-in-interest to the decedent, the motion will be granted.

23      With respect to plaintiff, Airbnb acknowledges the Terms of Service to which

24  plaintiff agreed in 2013 do not include a provision delegating to the arbitrator the issue of

25  whether the arbitration agreement encompasses the dispute.  Airbnb argues, however,

26

27      [3] In citing to the Terms of Service to which plaintiff agreed, the Court has used
herein the page number affixed to the top of each page by this district's electronic filing
28  program, as said document does not have paragraph numbers or page numbers.

1   that claims asserted by plaintiff in her personal capacity, i.e., the wrongful death claims,

2   fall within the scope of the arbitration agreement because, according to Airbnb, plaintiff's

3   claims "relate entirely to injuries [d]ecedent allegedly sustained while she was staying at

4   a Property she booked through Airbnb's online marketplace."  (See Defs.' Mot. at 10:9-

5   11.)  Although the arbitration agreement in the Terms of Service covers, as noted,

6   disputes arising out of or relating to the "Terms" or "the use of the Services" (see

7   Magalhaes Decl. Ex. K at 10), the Terms of Service provide that the "Terms govern your

8   access to and use of the Site, Application, and Services" (see id. Ex. K at  2 (emphasis

9   added)).  The Terms of Service include no provision stating or suggesting that any

10  dispute solely concerning another person's use of the Site, Application, or Services would

11  fall within the scope of the arbitration agreement, and the Court finds such disputes do

12  not.

13          Accordingly, to the extent Airbnb seeks an order compelling arbitration of the

14  claims asserted in the AC on behalf of plaintiff in her personal capacity, the motion will be

15  denied.

16                                    **CONCLUSION**

17          For the reasons stated, Airbnb's motion to compel arbitration of the claims

18  asserted against Airbnb is hereby GRANTED in part and DENIED in part, as follows:

19          1. The motion is GRANTED as to the claims asserted on behalf of the decedent

20  and against Airbnb, and said claims are hereby STAYED pending completion of

21  arbitration proceedings.

22          2.  In all other respects, the motion is DENIED.

23          **IT IS SO ORDERED.**

24

25  Dated: August 28, 2024

26                                                        MAXINE M. CHESNEY
                                                         United States District Judge

27

28

                                            4