IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY WOODS,<br><br>        Plaintiff,<br><br>    v.<br><br>AIRBNB, INC., et al.,<br><br>        Defendants. | Case No. 24-cv-02734-MMC<br><br>**ORDER GRANTING AIRBNB DEFENDANTS' MOTION TO STAY PLAINTIFF'S PERSONAL CLAIMS PENDING ARBITRATION; VACATING HEARING** |

Before the Court is defendants Airbnb, Inc. and Airbnb Payments, Inc.'s (collectively, "Airbnb") "Motion to Stay Plaintiff's Personal Claims Pending Arbitration," filed August 29, 2024.  Plaintiff Cindy Woods has not filed a response thereto.[1]  Having read and considered the papers filed in support of the Motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for October 4, 2024, and rules as follows.

In the operative complaint, the amended complaint filed May 23, 2024 ("AC"), plaintiff alleges that Monique Woods, who was plaintiff's adult daughter, booked an "Airbnb rental" in Croatia, in which, on May 14, 2022, she died as a result of "carbon monoxide poisoning[,] which gases had emanated from a gas boiler that was improperly installed in the rental."  (See AC ¶¶ 1, 28.)  Based thereon, plaintiff asserts seven Causes of Action against Airbnb, as well as against Vesna Salamunovic, who allegedly owns the property.  The First Cause of Action, titled "Wrongful Death," is brought by plaintiff in her

---

[1] Under the Local Rules of this District, any opposition or other response was due no later than September 12, 2024.  See Civil L.R. 7-3(a)-(b).

1  personal capacity, the Second Cause of Action, titled "Negligence," is brought by plaintiff
2  both in her personal capacity and as a survival claim in her capacity as the successor-in-
3  interest to the decedent, and the Third through Seventh Causes of Action are brought as
4  other survival claims.

By order filed August 28, 2024, the Court granted in part and denied in part Airbnb's motion to compel arbitration of the claims asserted against it.  Specifically, as to the survival claims, the motion was granted in light of an arbitration agreement between the decedent and Airbnb, and such claims were stayed pending arbitration.  As to the wrongful death claims, however, the Court denied the motion, finding those claims are not within the scope of an arbitration agreement between plaintiff and Airbnb.

By the instant motion, Airbnb seeks to stay the wrongful death claims, pending arbitration of the survival claims.

Although "[t]he decision whether to stay non-arbitrable issues . . . pending arbitration rests with the sound discretion of the district court," see United Communications Hub, Inc. v. Qwest Communications, Inc., 46 Fed. Appx. 412, 415 (9th Cir. 2002), "[e]xpanding the stay, so as to encompass all of the nonarbitrable claims in the case, is only appropriate where the arbitrable claims predominate, or where the outcome of the nonarbitrable claims will depend upon the arbitrator's decision," see id. (internal quotation and alteration omitted).

Here, the outcome of the wrongful death claims will depend upon the arbitrator's decision as to the viability of the survival claims.  As the California Court of Appeal has explained,[2] the right of a plaintiff bringing a wrongful death and the right of a plaintiff bringing a survival claim both "depend[ ] on the liability of [the] defendant," see Evans v. Celotex Corp., 194 Cal. App. 3rd 741, 744 (1987), and, consequently, where the claims brought on behalf of the decedent are decided adverse to the plaintiff, the wrongful death

---

[2] The arbitration agreement provides that said agreement "will be interpreted in accordance with the laws of the State of California."  (See Magalhaes Decl., filed August 12, 2024, Ex. F ¶ 22.)

United States District Court
Northern District of California

claims also fail, see id. at 746 (noting, "[i]t would be anomalous to deny recover to the deceased but to award damages to his heirs based on the same set of facts and legal issues").

Moreover, although no showing has been made by plaintiff that some possibility might exist whereby resolution by the arbitrator of the survival claims, whether for or against the decedent,[3] would not resolve the wrongful death claims, a stay nonetheless would be warranted.  It is readily apparent that, in resolving the survival claims, the arbitrator will make findings as to the primary issues that would be presented in the wrongful death claims, such as what duties Airbnb owes to individuals who reserve lodging on its site and whether the breach of any such duty constituted a proximate cause of any injury suffered by such individual while staying at the reserved lodging.  As the Ninth Circuit has explained, where one claim in a lawsuit is arbitrable and the other is not, "[i]t would waste judicial resources and be burdensome upon the parties if the district court . . . were mandated to permit discovery, and upon completion of pretrial proceedings, to take evidence and determine the merits of the case at the same time as the arbitrator is going through a substantially parallel process."  See Leyva v. Certified Grocers, 593 F.3d 857, 864 (9th Cir. 1979).

Accordingly, for the reasons stated above, Airbnb's motion is hereby GRANTED, and the wrongful death claims asserted by plaintiff against Airbnb are hereby STAYED pending completion of the arbitration of the survival claims.

**IT IS SO ORDERED.**

Dated: September 17, 2024

MAXINE M. CHESNEY
United States District Judge

---

[3] As noted, plaintiff filed no response to the instant motion to stay the wrongful death claims.